UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANDELAY INDUSTRIES TM LLC,<br>VANDELAY INDUSTRIES KM LLC, and<br>VANDELAY INDUSTRIES AM LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BITWISE HOLD 10 PRIVATE INDEX FUND, LLC, BITWISE 10 CRYPTO INDEX FUND f/k/a BITWISE HOLD 10 PRIVATE INDEX FUND, LLC, BITWISE ASSET MANAGEMENT, INC., BITWISE 10 CRYPTO INDEX FUND, BITWISE INVESTMENT ADVISORS, LLC, HUNTER HORSLEY, MATT HOUGAN, TEDDY FUSARO, and JAMES FARRELL,<br><br>Defendants. | 1:24-CV-07554-LTS |

MEMORANDUM ORDER

Plaintiffs Vandelay Industries TM LLC, Vandelay Industries KM LLC, and Vandelay Industries AM LLC (collectively, "Plaintiffs") bring this action against corporate defendants Bitwise HOLD 10 Private Index Fund, LLC (the "Fund"), Bitwise Asset Management, Inc., Bitwise 10 Crypto Index Fund ("BITW"), Bitwise Investment Advisors, LLC (collectively, the "Corporate Defendants"), as well as against individual defendants Hunter Horsley ("Horsley"), Matt Hougan ("Hougan"), Teddy Fusaro ("Fusaro"), and James Farrell ("Farrell") (collectively, the "Individual Defendants," and together with Individual Defendants, "Defendants"). Plaintiffs assert six causes of action, arguing that they were misled as to the nature and liquidity of their investments in shares of the cryptocurrency fund BITW. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1367.

Pending before the Court is Defendants' motion to dismiss Plaintiffs' Amended Complaint (docket entry no. 1 at ECF pages 38-66 ("Amended Complaint" or "Am. Compl.")) (1) for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); and (2) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court has carefully considered the parties' submissions, and for the following reasons, Defendants' motion to dismiss the Amended Complaint for lack of personal jurisdiction is granted.

## I. Background

The following facts are taken from Plaintiffs' Amended Complaint and their Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (docket entry no. 20 ("Opposition" or "Pls. Opp.")) and are presumed true to the extent that they are well pleaded.

Plaintiffs are Wyoming limited liability companies with their principal offices in New York. (Am. Compl. ¶¶ 18-20.) The Corporate Defendants are limited liability companies or corporations incorporated under the laws of the State of Delaware, with their principal places of business in California. (Id. ¶¶ 21-24.) All Individual Defendants are domiciled in California (id. ¶¶ 25-26, 28) except for Fusaro, who is domiciled in Connecticut and works in an office in New York (id. ¶ 27).

The Fund began operations with the name Bitwise HOLD 10 Private Index Fund, LLC. (Id. ¶ 31.) Plaintiffs initially invested a collective $1.3 million in the Fund in 2018 pursuant to subscription agreements that allowed for weekly private redemptions (id. ¶¶ 38-44). On March 27, 2020, Horsley "informed Plaintiffs via email of the Fund's intention to convert from a limited liability company to a statutory trust" (the "Conversion"). (Id. ¶ 48.) The Conversion aimed to change the nature of the Fund's investments from privately held to over-

the-counter ("OTC") investments, which are traded through brokerage accounts on public stock exchanges rather than through private placements. (Id. ¶¶ 6, 47-48.)

Prior to the Conversion, the Fund gave investors the opportunity to maintain their investments in the Fund or to redeem their shares by April 24, 2020. (Id. ¶¶ 49-51, 65.) Plaintiffs allege that Defendants represented to them and assured them that the option to redeem privately would continue to be available and that, relying on those representations, Plaintiffs maintained their investments in the Fund and consented to the Conversion. (Id. ¶¶ 63-66.) In March 2021, Plaintiffs sold all their shares of BITW on OTC markets and then re-invested $4.85 million in BITW. (Id. ¶ 91.) Plaintiffs finally sold all their shares on the OTC market in late March and early April of 2024 for approximately $3.6 million. (Id. ¶¶ 107-108). Plaintiffs claim that, had they been able to redeem their shares privately, they would have made 35% more than they ultimately made, causing them to suffer a financial loss of nearly $2 million. (Id. ¶¶ 107-10).

Plaintiffs filed this action on July 8, 2024, in New York Supreme Court, New York County. Plaintiffs filed their Amended Complaint shortly thereafter, asserting causes of action for breach of fiduciary duty, negligence, negligent misrepresentation, fraud, conspiracy to commit fraud, and violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b) (Westlaw through P.L. 119-111), against the Defendants. On October 7, 2024, Defendants removed this action to this Court, and the instant motion practice ensued.

## II. DISCUSSION

To overcome a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff has the burden of making a prima facie showing that personal jurisdiction over the defendant exists. Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006);

Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 167 (2d Cir. 2013). When deciding a Rule 12(b)(2) motion, a court may consider materials outside the pleadings, must credit the plaintiff's jurisdictional facts as true, and must consider the pleadings and any supporting materials in the light most favorable to the plaintiff. In re Stillwater Cap. Partners Inc. Litig., 851 F. Supp. 2d 556, 566-67 (S.D.N.Y. 2012); Chloé v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010). However, a court is not required to "draw argumentative inferences in the plaintiff's favor," Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) (citation omitted), or "accept as true a legal conclusion couched as a factual allegation," In re EHang Holdings Ltd. Sec. Litig., 646 F. Supp. 3d 443, 455 (S.D.N.Y. 2022) (citation omitted).

When deciding a motion to dismiss for lack of personal jurisdiction, courts ordinarily engage in a two-part analysis: "[F]irst, the court must determine whether there is, applying the forum state's rules, a statutory basis for personal jurisdiction; and second, whether its exercise of jurisdiction comports with due process under the federal Constitution." Obeid v. Mack, No. 14-cv-6498-LTS-HBP, 2016 WL 1069678, at *3 (S.D.N.Y. Mar. 17, 2016) (citing Chloé, 616 F.3d at 163). Here, Plaintiffs assert that the Court has both general and specific personal jurisdiction over Defendants. The Court will consider each in turn.

First, Plaintiffs argue that this Court can exercise general personal jurisdiction over Defendants. General personal jurisdiction, which extends to "any and all claims" brought against a defendant, exists only when a defendant is "'essentially at home' in the State." Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351, 358 (2021) (citation omitted). Barring

exceptional cases,[1] individual defendants are subject to general jurisdiction only in their place of domicile, and corporate defendants are subject to general jurisdiction only in their state of incorporation and the state where their principal place of business is located. Id. at 358-59.

Here, Plaintiffs concede that all the Corporate Defendants were formed under Delaware law and have principal places of business in California, and Plaintiffs make no other allegations in their Amended Complaint connecting the Corporate Defendants to New York. (Am. Compl. ¶¶ 21-24.) They also concede that the Individual Defendants are domiciled in California (Horsley, Hougan, and Farrell) and Connecticut (Fusaro). (Id. ¶¶ 25-28.) Because none of the allegations indicates that any Defendant is "at home" in New York, the exercise of general personal jurisdiction over Defendants would be inconsistent with the Due Process Clause of the Fourteenth Amendment.[2]

Plaintiffs' additional proffers in opposition to the motion are unavailing. They assert that one of the Defendants maintained an office in New York from which Defendant Fusaro primarily worked. Even if the Court assumes this to be true, even a "large office" in the forum does not establish general jurisdiction, as "it is common for corporations to have presences in multiple states." Al-Ahmed v. Twitter, Inc., 553 F. Supp. 3d 118, 125 (S.D.N.Y. 2021) (quoting Brown v. Lockheed Martin Corp., 814 F.3d 619, 630 (2d Cir. 2016)). As for Fusaro, Plaintiffs cite no authority to support the proposition that working in the forum state

---

1 The Supreme Court has left open "the possibility that in an exceptional case" a corporate defendant might be at home elsewhere. Daimler AG v. Bauman, 571 U.S. 117, 139 n.19 (2014). Plaintiffs do not argue that the instant case is such an exceptional case.

2 The Court would ordinarily assess whether general personal jurisdiction is proper under the relevant state statute, New York's Civil Practice Law and Rules ("NY CPLR") § 301, before assessing constitutional principles. However, because the exercise of general personal jurisdiction here would clearly fall outside the outer bounds of jurisdiction that the Constitution permits, the Court need not assess general jurisdiction under the NY CPLR.

creates general personal jurisdiction over an individual defendant with an out-of-state domicile. Plaintiffs thus fail to satisfy their burden of making a prima facie showing that the Court can exercise general personal jurisdiction over Defendants. See Licci, 732 F.3d at 167.

Second, Plaintiffs argue that the Court may exercise specific personal jurisdiction over Defendants. Plaintiffs invoke sections 302(a)(1) ("Section 302(a)(1)") and (a)(3)(ii) ("Section 302(a)(3)(ii)") of New York's long arm statute, NY CPLR section 302. Section 302(a)(1) empowers courts to exercise personal jurisdiction over any non-domiciliary who, in person or through an agent, "transacts any business in New York or contracts to supply goods or services in New York," and Section 302(a)(3)(ii) applies to any non-domiciliary who:

> (3) commits a tortious act without the state causing injury to person or property within the state . . . if he . . . (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. § 302(a)(1), (3)(ii).

"To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Licci, 732 F. 3d at 168 (citation omitted). New York courts define transacting business as "purposeful activity" whereby the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007). And claims arise from that business activity when there is an "'articulable nexus' or 'substantial relationship' between the business transaction and the claim asserted." Licci v. Lebanese Canadian Bank, 984 N.E.2d 893, 900 (N.Y. 2012) (internal citations omitted).

While Plaintiffs articulate the legal standards governing Section 302(a)(1) in their Opposition, they offer just one scant assertion in support of the application of those standards to

the instant case: "Defendants undeniably used the internet, telephone, Zoom or other electronic media to project themselves into NY to transact business, specifically dealing with Plaintiffs via such media." (Pls. Opp. at 6.) This threadbare argument is conclusory and is not entitled to a presumption of truth, Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 185 (2d Cir. 1998), as it is just a recapitulation of the legal standard for purposeful availment, State v. Vayu, Inc., 206 N.E.3d 1236, 1240 (N.Y. 2023) (explaining that jurisdiction "is appropriately exercised over commercial actors who have . . . us[ed] electronic and telephonic means to project themselves into New York to conduct business transactions" (internal quotation omitted) (alterations in original)). Plaintiffs allege no facts related to any specific transactions Defendants undertook in New York, and they draw no connection between Defendants' operations in New York and any of the factual or legal underpinnings of this case. As such, Plaintiffs fail to plead facts from which a reasonable factfinder could conclude that Defendants transacted business in New York or that Plaintiffs' claims arose from such transactions. Plaintiffs thus fail to make a prima facie showing that personal jurisdiction is available under Section 302(a)(1).

Plaintiffs fare no better under Section 302(a)(3)(ii), which pertains to tortious acts committed outside New York that have a situs of injury within New York. In their Opposition, Plaintiffs cite case law for a general proposition that "in cases of commercial fraud or misrepresentations," the situs of injury turns on where the plaintiff receives and relies upon those fraudulent statements. (Pls. Opp. at 7 (citing Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC, No. 05-CV-9016-SAS, 2006 WL 559811, at *4 (S.D.N.Y. Mar. 7, 2006)).)

As an initial matter, the situs of injury rule that Pension Committee set forth has multiple other requirements, none of which Plaintiffs have even argued are satisfied here. See

Pension Comm., 2006 WL 559811, at *4. But even assuming, arguendo, that Plaintiffs had established the applicability of this rule, Plaintiffs fail to plausibly allege that they were in New York when they relied upon any false statements. In fact, Plaintiff's sole argument applying Section 302(a)(3)(ii) to their case is: "Defendants could reasonably expect the act to have consequences in the state as the plaintiff investors' injury was directly linked to the alleged fraudulent statements and occurred in the state. Accordingly, this Court has personal jurisdiction over Defendants under New York's longarm [sic] statute." (Pls. Opp. at 7 (internal quotations omitted).) This argument is, again, conclusory and not entitled to a presumption of truth. Plaintiffs fail to allege any non-conclusory fact situating them in New York when they received or relied upon any allegedly fraudulent statements, and they fail to allege where Defendants were located when conveying those statements. Plaintiffs further fail to allege that Defendants "derive[] substantial revenue from interstate or international commerce," which is required to establish personal jurisdiction under Section 302(a)(3)(ii). Plaintiffs thus have not satisfied their burden of establishing a prima facie case of personal jurisdiction under Section 302(a)(3)(ii).

In sum, Plaintiffs have failed to plead facts from which a reasonable factfinder could conclude that the Court can properly exercise personal jurisdiction over Defendants.[3] Defendants' motion is accordingly granted pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

---

[3] Because Plaintiffs fail to establish specific personal jurisdiction under New York's long arm statute, the Court need not determine whether exercise of personal jurisdiction would comport with the Due Process Clause of the Fourteenth Amendment.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is granted. This Memorandum Order resolves docket entry no. 10. Should Plaintiffs wish to amend their Amended Complaint, they must make a motion for leave to do so, in compliance with all applicable federal, local and individual practice rules, within 30 days of the entry of this Order. If Plaintiffs do not make such a timely motion, judgment dismissing this case will be entered and the case will be closed without further advance notice.

SO ORDERED.

Dated: New York, New York
September 28, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge